## Hicks' Committee v. Smith, et al.

(Decided May 7, 1914.)

### Appeal from Barren Circuit Court.

1.   Vendor and Purchaser—Remedies of Vendor—Lien and Recovery of Land.—A lien for purchase money retained in a deed may only

be released by the owner of the lien or by another thereunto duly authorized by power of attorney executed and acknowledged and recorded according to law; and he who releases the lien must do so in person and in the presence of the clerk, who attests his act.

2.  Vendor and Purchaser—Purchase Money Liens—Assignment of Note Secured by Lien.—The assignment of a note given, as part of the purchase price of land carries with it the vendor's lien in the deed retained to the extent of the note so assigned.

3.  Estoppel—Equitable Estoppel—Grounds.—Where the assignee of a note secured by lien on land failed to cause the change in ownership to appear upon the deed records and permitted the maker of said notes to retain possession of the original liens upon their being renewed, and said maker by his possession and exhibition of said original lien notes marked "paid" and a release from the vendors of the land, was enabled to obtain from another a loan secured by mortgage upon the land in question, the lien of the mortgage was superior to that of the owner of the purchase money lien note for the reason that the latter is estopped by his negligence in failing to cause the transfer of ownership of the lien to appear of record and in failing to possess himself of the original lien notes when renewed instead of permitting their maker to retain them. And such assignee is likewise estopped to assert a prior lien as against a subsequent purchaser of a portion of the land in question, who relying upon the vendee's possession and exhibition of the original lien notes, was induced to pay part of the purchase price in cash.

ALLEN SANDIDGE and PORTER & SANDIDGE for appellant.

BASIL RICHARDSON and BAIRD & RICHARDSON for appellee, Farmers 'National Bank.

GEORGE T. DUFF for appellee, V. E. Williams.

SMITH, McCANDLESS & LARIMORE for appellee, J. T. Smith.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On January 27, 1908, H. J. Kerley and T. A. Kerley sold and conveyed to J. T. Smith, a certain parcel of land in Barren county. The consideration expressed in the deed was four thousand dollars, of which five hundred dollars was paid in cash. The remainder of the said purchase price was evidenced by nine small notes aggregating in amount the sum of fifteen hundred dollars, and by two notes in the sum of one thousand dollars each, due in one and two years thereafter. These two one thousand dollar notes are the only ones involved in this action. All the notes were secured by purchase money lien retained in the deed, and so stated upon their face.

The Kerleys assigned the two one thousand dollar notes to the First National Bank of Glasgow in payment of notes of theirs held by said bank, and owned by it. The name of William Hicks, a brother-in-law of one of the Kerleys, appears on these two lien notes as surety.

Thereafter, these two one thousand dollar lien notes were by the First National Bank of Glasgow marked "paid," and surrendered into the possession of Smith, their maker, he giving the bank in lieu thereof, two new notes for one thousand dollars each, signed by himself as maker and by said William Hicks as surety, but omitting therefrom the statement that same were secured by a lien on land.

In the meantime, Smith had paid or otherwise obtained possession of the other nine original lien notes, and these together with the two one thousand dollar original lien notes he presented to the Farmers National Bank of Glasgow, together with a release executed by the Kerleys of their lien for purchase money, and sought from said bank a loan of twenty-five hundred dollars, proposing to secure same by a mortgage on the land conveyed to him by the Kerleys.

The bank caused an examination to be made of the deed records in the office of the clerk of the Barren County Court, and finding the Kerleys to be the owners of record, of the purchase money lien, granted to Smith the loan applied for. The mortgage was executed on February 19, 1910, and Smith obtained the money on February 23, 1910. The bank required Smith, however, to obtain from Kerleys another release of their lien for purchase money, not being satisfied with the one presented by Smith for the reason that it was executed in pencil.

This second release executed by the Kerleys, written in ink, reads as follows: "Mr. J. A. Murray, Clerk Barren County Court: You are hereby authorized to release the lien which we hold on the property sold to J. Tom Smith, when he presents the several notes given in part payment for the property, as evidence of their having been paid. T. A. & H. J. Kerley and H. J. Kerley. Bowling Green, Ky., March 11, 1910."

Upon Smith's presenting this writing to him, accompanied by the original lien notes, the clerk of the Barren County Court entered same on the record with the following statement: "Smith presented $3,500.00 in notes

paid and taken up, and I therefore file this release from Kerleys. J. A. Murray, C. B. C. C., March 17, 1910.''

Thereafter, Hicks paid the two one thousand notes owned by the First National Bank of Glasgow, and afterwards instituted this action. against Smith on said notes, making the Farmers National Bank a defendant, and sought to be adjudged a lien on the land conveyed by the Kerleys to Smith, superior to the lien of the mortgage executed by Smith to said bank.

He made V. E. Williams also a party defendant, Williams having, after the mortgage was executed by Smith to the Farmers National Bank, purchased a half interest in a portion of the land in question, paying five hundred dollars in cash thereon, and executing his notes for the remainder of the purchase price, eleven hundred dollars, secured by purchase money lien; and Hicks sought to have his claim adjudged a lien, superior to the rights of said Williams.

Williams answered, and asked a rescission of his purchase, and also that he be adjudged a lien inferior only to the mortgage lien of the Farmers National Bank, for the five hundred dollars paid by him in cash, and for the cancellation of the purchase money notes executed by him.

Before the case was submitted, the parties agreed upon a sale of the land in question, pending an adjudication of priorities and same brought the sum of $3,425.00.

The court below held the mortgage of the Farmers National Bank to be a first and superior lien on the land in question; gave Williams a second lien for the five hundred dollars paid by him in cash on the purchase price of that portion bought by him; and adjudged to Hicks a lien on the land, inferior, however, to the liens of the bank and Williams, for the amount of the two notes paid by him, with judgment over against Smith for the amount remaining unpaid thereon after satisfaction of the prior liens.

Pending this litigation, Hicks was found to be incompetent to manage his estate, and William Hicks, Jr., was appointed his committee. From the judgment rendered the committee appeals.

Appellant's contention is that the attempt made by the Kerleys to release the purchase money lien was ineffectual for the reason that the statute was not followed; that the lien was not released, but continued in favor of the First National Bank to the extent of two

thousand dollars upon the assignment by Kerleys to it of said notes; and that this lien continued to Hicks by reason of his payment of the notes sued on to the bank, and that said lien is prior to that of the mortgage executed by Smith to the Farmers National Bank and superior to the equities of Williams.

1. Kentucky Statutes, Section 498a, provides that the clerk of the county court, in recording an instrument in which a lien is retained for purchase money, shall leave a blank space of at least two lines for each note therein mentioned; and provides further that when any note or notes mentioned in any deed or mortgage shall be assigned to any other person, the assignor may over his own hand, attested by the clerk, note such assignment in said blank space, and when any one or more of the notes named in any deed or mortgage is paid or otherwise released or satisfied, the holder of said note or notes, and who appears from the record to be such holder, may release the lien, so far as such note or notes are concerned, by release, over his own hand, attested by the clerk. And no person except such as shall from such record or assignment of record, appear at the time to be the legal holder of any note or notes secured by lien in any deed or mortgage, shall be permitted to release the lien securing any such note or notes; and any release made in contravention of this section shall be void. Section 499 permits such lien to be released by one thereunto authorized by duly executed and acknowledged power of attorney recorded in the proper office.

It will be seen that the attempted release of the purchase money lien by the Kerleys was insufficient under the statute. Such release was not placed upon the record by the Kerleys in person and attested by the clerk; nor was the release made by any one duly authorized by power of attorney acknowledged and recorded according to law. The attempt of the Kerleys to release on the records the purchase money lien was, therefore, ineffectual.

2. The assignment by the Kerleys to the First National Bank of the two original one thousand dollar lien notes was an efficient assignment of the purchase money lien to that extent; and such assignment as between the parties, vested the bank with all the rights and remedies of the Kerleys under the lien in the deed retained.

But, assuming that the notes which Hicks was compelled to pay to the bank, and upon which he sued in this

action, were mere renewals of the original lien notes, Hicks being a party to said notes, became invested only with such rights as the First National Bank had in respect thereto.

3. It must be conceded that the Farmers National Bank would not have made the loan of twenty-five hundred dollars to Smith upon the faith of the mortgage executed by Smith to it, had it not been for the fact of Smith's possession and exhibition of the original lien notes accompanied by the attempted release of the Kerleys' purchase money lien; and that this attempted release alone, without Smith's possession and exhibition of the original lien notes, would have been insufficient to have induced the granting of the loan.

Smith's possession and exhibition of the two original one thousand dollar lien notes was made possible by the negligence of Hicks in failing to possess himself of the original notes at the time they were taken up by the execution of the notes sued on, and at the time he signed said renewal notes as surety.

Such possession and exhibition by Smith of the original lien notes, accompanied by the attempted Kerley release of lien, was sufficient to relieve the Farmers National Bank of any imputation of negligence in taking the mortgage from Smith, notwithstanding the fact of the insufficiency of said release as placed upon the deed records of the Barren County Court as a statutory release; and was sufficient to create in behalf of the Farmers National Bank an estoppel against Hicks to claim a lien superior to the mortgage lien of said bank. The fact that the entry made by the clerk of the Barren County Court of the release of said lien made by the Kerleys, was ineffectual, is immaterial in the light of this estoppel. It is a long-established rule of the law that if one of two innocent persons must suffer through the fault of a third, that one shall sustain the loss who put it in the power of such third person to occasion the loss.

If Hicks had desired the protection of the purchase money lien at the time the lien notes were renewed, it was his duty, under the statute, to have caused the record to show that the Kerleys were no longer the owners of the lien to the extent of the notes in question. Had he done this, it would have been impossible for Smith to have obtained the loan from the Farmers National Bank, or had he obtained it, that bank would not now be

heard to assert and rely upon an estoppel arising out of
the fact of Smith's possession and exhibition of the
original lien notes accompanied by the Kerley release of
lien.

Moreover, standing as he does, in the place of the
First National Bank, having been compelled to pay the
notes upon which he himself was a party, he is also
estopped from asserting a lien superior to that of the
mortgage executed by Smith to the Farmers National
Bank, for the reason that the First National Bank, were
it the owner of the notes, because of its negligence in
permitting Smith to obtain possession of the two origi-
nal one thousand dollar lien notes, marked "paid,"
would be estopped from asserting such superior lien
as against the Farmers National Bank.

Having failed to avail himself of a privilege created
by statute for his own protection, and that failure hav-
ing resulted in enabling Smith to obtain from the Farm-
ers National Bank the money it loaned him, Hicks is
now estopped from asserting a lien superior to that of
the mortgage executed by Smith to said bank; and can-
not be here heard to complain of the action of the chan-
cellor in adjudging to the Farmers National Bank a lien
superior to that adjudged to him.

4. It is also contended by appellant that the Farm-
ers National Bank's estoppel as against Hicks should
be extended only to the sum of $1,316.28, for the reason
that Smith was indebted to the Farmers National Bank
in the sum of $1,183.72 at the time he obtained the loan
of $2,500, and that sum was deducted in passing the pro-
ceeds of the $2,500 loan to Smith's credit on the books
of the bank.

It appears from the evidence that Smith arranged
with the bank for this twenty-five hundred dollar loan
some two or three months before it was finally closed;
that the bank had the title of the property examined, and
informed Smith that the Kerley lien would have to be
released; and that pending the releasing of the Kerley
lien and execution of the mortgage and final closing of
the loan, the bank advanced to Smith for the purpose
of buying some machinery, the sum mentioned, taking
notes therefor; and when the loan was finally closed,
deducted these amounts and surrendered said notes; and
that it would have been closed earlier but for the fact
that the bank did not have the full amount thereof to
spare therefor. Certainly under these circumstances,

the estoppel should extend to the full amount of the loan, for it was made upon the faith of the facts as they apparently existed at the time thereof.

5. As to Williams, who purchased a portion of the land in question, after the execution by Smith to the Farmers National Bank of the mortgage mentioned, Hicks is likewise estopped from asserting a superior lien. Williams testified that he was informed and relied upon the fact of Smith's possession and exhibition of the original lien notes and the Kerley attempted release of lien; and also as to him, to the extent of that part of the purchase price which he paid in cash, Hicks was estopped from claiming a superior lien. As to the purchase money notes executed by Williams to Smith, he was entitled to cancellation thereof. The chancellor was right in so decreeing.

The judgment is affirmed.