McFarland, J.,
delivered the opinion, of the court.
Bill by purchasers at trustee’s sale.
J. D. Ruffin conveyed certain real estate in Memphis, tc John Johnson, by deed, in trust to secure a debt of $5,000 to Fenner, Bennett & Bowman. Ruffin ha.d at the time an action of ejectment pending against certain parties in adverse possession, claiming under a tax title. This action he afterwards prosecuted to judgment in his favor, but the cause was removed to this court. About the time Johnson, the trustee, was proceeding to sell under the deed of trust, when Ruffin filed a bill praying a perpetual injunction, upon the ground, principally, that his deed of trust was champertous and void by reason of the. adverse possession at the time it was made.
This cause was brought to this court and a demurrer to -the hill was sustained, the court holding that Ruffin was estopped to' make the question of champerty against his own deed, and that it was at least operative -as between the parties to give the creditor a lien upon the property for his debt. [The case to which the reference is made is that of Ruffin v. Johnson, 5 Heis., 604.] In the meantime and previous to the rendition of this decree, Robertson, the defendant, had brought au action and had obtained a judgment against Ruffin, and had an execution levied upon this property, which was sold and bought by Robertson, 'and the sheriff’s deed made to him. About this time the judgment in favor of Ruffin in the action of ejectment, was affirmed, and a writ of possession issued to him. One of Ruffin’s attorneys in this case, who was also the attorney of Robertson in his proceedings against Ruffin, undertook to control the execution of the writs of possession, and had Robertson, or his agent, put in possession of the property.
*487 After this and after the dismissal of Ruffin’s hill in this court, Johnson, the trustee, sold the property under the trust deed, and it was bought by complainants, who' now file their bill to recover possession, charging collusion between Ruffin and Robertson, and praying to have Robertson’s claim declared a cloud upon their title. The defense is rested upon two grounds.
1. That the deed of trust of Ruffin to Johnson, trustee, was champertous 'and void by reason of the adverse possession at the time, and if Ruffin was estopped to set up this objection to the deed, Robertson, his creditor and purchaser at execution sale, is not.
2. If this is not so, that the sale and conveyance by Johnson to complainants was champertous and void from the fact that at this time the property was in the adverse possession of the defendant Robertson.
The former decree of this court was an adjudication of the question between Ruffin and complainants, and adjudged the right of the latter under the trust deed to be valid. [The 'decree to. which reference is made is that founded upon the opinion in the case of Ruffin v. Johnson et al., 5 Heis., 604.] Robertson 'having purchased pending this litigation must take the place of Ruffin, and can stand on no higher ground. If, by virtue of the estoppel upon Ruffin, the. trustee got a title to the land for the benefit of the creditors,' this right must be equally against one who acquires his right through Ruffin pending the litigation.
Upon the second ground: The adverse possession of Robertson cannot defeat the sale of the- trustee, for the reason that the possession was acquired pending the litigation, while the trustee was enjoined from selling and by the consent of Ruffin’s attorney. Decree affirmed.