## NORTHWESTERN MUTUAL LIFE INSURANCE CO. v. T. J. NEWSOM, Administrator et al.

Middle Section.    November 28, 1925.

Affirmed by Supreme Court February 17, 1926.

1. **Courts.** **Court of Appeals has no jurisdiction of a case not involving a review or determination of the facts.**
   In a suit to foreclose a deed of trust where the only question involved was whether a life estate or fee simple was created by a certain deed, and tnere was no controverted evidence, held the court of appeals did not have jurisdiction.

2. **Evidence.** **Bill and answer thereto held to set out controversy.**
   In an action to foreclose a deed of trust where the only question involved was whether a life estate or fee simple was created by a certain deed and the deed was filed with the bill and the answer alleged that defendants had an interest under the terms of the deed, held the bill and answer fully set out the controversy and it was not necessary to introduce any evidence.

3. **Evidence.** **Burden of proof on defendant to show payment.**
   Where the evidence of the debt is filed, the burden of proof is then on the defendant to show payment.

4. **Evidence. Intestacy is presumed.**
   In the absence of proof intestacy is presumed.

5. **Guardian ad litem. Admissions.**
   The answer of the guardian ad litem merely makes an issue, but he make a valid consent or waiver as to matters which merely facilitate a trial, and cannot prejudicially affect the rights of the infant.

Appeal from Chancery Court, Williamson County; Hon. J. C. Hobbs, Chancellor.

Transferred to Supreme Court.

J. C. Eggleston, of Franklin, for appellants, Newsom et al.

Bell & Hibbett, of Nashville, and W. J. Smith, of Franklin, for appellee, Insurance Co.

CROWNOVER, J. This was a suit to foreclose a deed of trust on 228 acres of land. The grantor having died and his heirs were made parties, defendants. The bill alleged that 68 acres of said land had been conveyed to W. L. Newsom, "for his use and benefit during his life, then to his bodily heirs." While the habendum clause of the deed stated "to have and to hold the same unto the said William L. Newsom, and his children and assigns forever." A question had arisen as to whether he owned the fee simple title or only a life estate in said property. It was contended by the complainant that he was the owner of the fee simple title.

The administrator answered the bill, admitted that W. L. Newsom died intestate; that his estate was insolvent, and that a suggestion of insolvency had been duly made to the county court. The administrator further answered admitting the execution of the deed of trust and the indebtedness to complainant and default in payment.

Four of his heirs, who were adults, answered and made the same admissions as the administrator. They also executed an agreement confirming what their father had done with respect to the execution of the deed of trust.

A guardian ad litem was appointed for three minor defendants, who were also heirs of W. L. Newsom, deceased. He filed a formal answer for said minors, and insisted in the answer that they owned certain interests in said 68-acre tract of land mortgaged by their deceased father, W. L. Newsom, and asked the court to protect any such interest as it may appear, from the deeds and title papers, that they were entitled to, in any part of said tract of land conveyed in trust by their deceased father to secure the indebtedness set out in complainant's bill.

The original deed of trust and note executed by W. L. Newsom to the Northwestern Mutual Life Insurance Company, and the or-

---

Note: The Supreme Court took jurisdiction and disposed of the case on February 17, 1926, thereby affirming the action of Court of Appeals.

iginal deed executed by Newsom's parents to him conveying the said 68-acre tract of land, were filed as exhibits to the original bill.

No evidence was introduced, and the only question raised was as to the construction of said deed. The Chancellor held that W. L. Newsom took an absolute fee-simple title to said 68-acre tract, and decreed that the deed of trust be foreclosed.

The guardian ad litem excepted and has appealed to this court, and has assigned errors.

As before stated, no proof was introduced at the trial in the court below, except the deed of trust, note, and the deed of conveyance, and there is no controversy about the facts of the case.

Under this state of the record this court has no jurisdiction. Under the recent Acts of 1925, Chapter 100, Reorganizing the Appellate Court System, Section 10 provides that:

"The jurisdiction of the Court of Appeals shall be appellate only, and shall extend to all cases," (except certain cases therein set out) "and excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all of the facts have been stipulated."

Such excepted cases go to the Supreme Court, and any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof. Upon an examination of the record, it will be seen that the construction of said deed is the only question in the case, and it is a question of law for the court.

While it is true that equity causes are tried de novo in the appellate court, and the answer of a guardian ad litem merely makes an issue, (See Gibson's Suits in Chancery (2 Ed.), sec. 461; Sub. 5; Wright v. Eakin, 151 Tenn., 681, 10 R. C. L. p. 538), yet, we think that the allegations of the bill and the answer of the guardian ad litem are sufficient to set out the controversy.

It is true that the burden of proof is on the complainant to show the indebtedness, which it has sustained by introducing the note and deed of trust. There are no credits marked on the note. It shows on its face that the defendants are in default. Where the evidence of the debt is filed, the burden of proof is then on the defendant to show payment. See 22 Am. Eng. Ency. of Law (2 Ed), 587; Bass v. Shurer, 2 Heisk, 216.

It may be said that there is no proof of the death of W. L. Newsom, or that the defendants are the heirs of Newsom, and for these reasons, the case should be remanded to the chancery court of Williamson county for proof as to these facts as was done in the case of Wright v. Eakin, supra. But, upon examination of the record we are of the opinion that this should not be done. The bill alleges that he died intestate and that the defendants are his heirs

and that if they have an interest in said land the deed gives it to them. The administrator admits the indebtedness, the execution of the deed of trust, the deed of conveyance, and default in payment.

The guardian ad litem's answer admits that they have an interest in the property under said deed as the heirs of their deceased father. A guardian ad litem may make a valid consent or waiver as to the matters which merely facilitate a trial and cannot prejudicially affect the rights of the infant. See 31 C. J., 1143, Hannum's Heirs v. Wallace, 9 Humph., 129.

In the absence of proof intestacy is presumed. See, Wright v. Eakin, supra.

Therefore, the evidence of the indebtedness having been filed, the burden of proof is on the defendant to show payment. The death of Newsom having been admitted, he is presumed to have died intestate. The bill having alleged that the defendants are his heirs, it, therefore, admits that they are his heirs. Therefore, there is only one question in the case, and that is the construction of the deed. As stated by counsel, for both sides in oral argument, the remand of this case could serve no good purpose, as there is no question about which oral testimony would be relevant.

It results that this court is deprived of jurisdiction. An order will be entered transferring the case to the Supreme Court for trial.

Faw, P. J., and DeWitt, J., concur.