# JAMES KNOX v. JACK KEITH.

Eastern Section. February 23, 1929.

· Petition for Certiorari denied by Supreme Court, May 25, 1929.

Cantrell, Meacham & Moon, R. T. Wright, Jr., and R. H. Craig, of Chattanooga, for appellant, Knox.

W. A. Schoolfield, of Chattanooga, for appellee, Keith.

CROWNOVER, J. This was an ejectment suit to recover a house and lot in the City of Chattanooga. The complainant claimed title through foreclosure of a deed of trust executed by his father and mother to secure a note due himself. The defendant denied complainant's title and right to possession, and pleaded seven years adverse possession. He further pleaded that complainant's title was void because the foreclosure sale under the deed of trust was had while he was in the adverse possession of the property and was therefore champertous.

The Chancellor was of the opinion that the foreclosure sale of the property to complainant under the deed of trust was had while the defendant held the adverse possession, and therefore his title was void because of champerty, and he dismissed the bill. The complainant appealed and has assigned errors, which are, in substance, that the Chancellor erred in dismissing the bill: (1) Because the defendant claimed under a collusive agreement with his sister, one of the mortgagors, and was therefore in privity with them, hence he is estopped to set up adverse possession and to plead champerty. (2) Because complainant's deed was executed pursuant to a valid and legal contract, deed of trust, executed by the mortgagors while they had full title and possession of the property, and is therefore not within the champerty statutes. (3) Because defendant is estopped to deny the right of foreclosure and to plead that complainant's deed is champertous, as his title and possession were derived from his sister after the execution of the deed of trust by her. (4) Because complainant's deed was not champertous, as defendant only claimed a life estate, hence complainant's deed only conveyed the interest of the grantors and is not champertous as to defendant's life interest.

The facts necessary to be stated are that George Knox and his wife, Mattie Knox, on July 1, 1904, purchased a house and lot in the City of Chattanooga and took a deed from Samuel L. Body and wife to themselves as tenants by the entirety, which deed was properly executed and registered and they went into possession of the property and lived on it continuously for many years. On June 27, 1917, they executed a deed of trust on said property to the Title Guaranty and Trust Company of Chattanooga, to secure a note of $550 to their son, complainant James Knox, which note was to mature in five years. Mattie Knox died in March, 1923, and George Knox died in June, 1923, and left surviving them two sons, George

Knox, Jr., and complainant James Knox as their only heirs at law.

The defendant Jack Keith was a brother of Mrs. Mattie Knox and came to live with her and her husband in 1913 as a paroled convict and continued to live with her on said property until her death in 1923, it appearing that she and her husband had separated sometime about 1916, and did not live together after that time, although they were not divorced. Mrs. Knox told defendant Keith that if he would live with her on said property, keep up the property and take care of her he could have the property as a home as long as he lived, and he testified that she gave him a writing to this effect but he did not file it in evidence. He remained with her, had the house repaired and painted and paid the taxes, and after her death he continued in the adverse possession of the property.

After the deaths of complainant's mother and father he went to see about taking possession of the property, but defendant refused to relinquish his claims and denied complainant admission to the premises. Afterwards on July 25, 1925 the deed of trust was foreclosed by the Trust Company, the property was sold to complainant and a deed was executed by the Trust Company to him while the defendant was in the actual, adverse possession of the property, and complainant has instituted this suit with the result above stated.

After an examination of the authorities, we are of the opinion that in Tennessee where real property is in the possession of another at the time a mortgage or deed of trust is executed, such mortgage or deed of trust is champertous under our statutes. Code, secs. 3172-3175; 11 C. J., 267; 41 C. J., 490; 5 Am. & Eng. Ency. of Law (2 Ed.), 843. Also where the grantors are in possession when the deed of trust is executed but another takes possession before foreclosure and is in the actual, adverse possession when the foreclosure sale is had by the trustee, the conveyance under such foreclosure sale by the trustee is champertous; Whiteside v. Martin, 7 Yerg., 384; 11 C. J., 267; 41 C. J., 492-493; unless he is in privity or collusion with the mortgagor or grantor. However the champerty statutes apply only to voluntary sales and not to sales made under a decree of court. Sims v. Cross, 10 Yerg., 460; Todd v. Cannon, 8 Humph., 514. The trustee by proper proceeding in court may foreclose, and such sale under the orders of the court will not be champertous.

But the party in possession holding under the grantor or mortgagor, unless he be an innocent purchaser, may be estopped to plead champerty. The grantor or mortgagor and their privies are estopped as against the grantee, mortgagee and their assigns to assert anything in derogation of the rights which the instruments

purport to convey. Fenner v. Robertson, 1 Shan. Cas., 485; Ruffin v. Johnson, 5 Heisk., 604; Ferguson v. Prince, 136 Tenn., 548, 190 S. W., 548; Johnson v. Ford, 147 Tenn., 98-99, 245 S. W., 531; 21 C. J., 1067-1069, secs. 26-27. Estoppel applies with equal force against the privies. 21 C. J., 1107-1109; Fenner v. Robertson, supra.

The decree of the Chancellor must be reversed for three reasons:

First, because the defendant Keith is estopped to plead champerty. He claims under his sister, who was one of the mortgagors, and his rights are no stronger than hers. She would have been estopped to set up any title in derogation of the deed of trust and he, being in privity with her, is likewise estopped. See authorities above cited. His plea of seven years adverse possession is not available as he has not had seven years adverse possession. It was insisted that defendant was in possession from 1913, but this cannot help him as one of the mortgagors was in possession until her death in 1923. His possession must be exclusive and hostile. Bledsoe v. Rogers, 3 Sneed, 466, 469; 11 C. J., 256, sec. 46.

Second, he claimed only a life estate, and the foreclosure sale is therefore valid as to the remainder interest. It was held that a deed of bargain and sale with covenants of warranty, executed for land in which there was an assigned dower interest in possession of the dowager, and which was not excluded in the deed, as in this instance, was not champertous. Chairs v. Hobson, 10 Humph., 354; 11 C. J., 260, 5 Am. & Eng. Ency. of Law, 2 Ed., 841.

Third, the champerty laws do not apply to the acquisition of title by inheritance. 11 C. J., 267, sec. 92. The proof shows that the house and lot was conveyed to complainant's parents by the entirety. They separated in 1916 but were not divorced. His mother died in March, 1923 and his father died in June, 1923, leaving only two children surviving him, one of whom was the complainant in this cause. It is presumed that he died intestate. See Wright v. Eakin, 151 Tenn., 681, 270 S. W., 992; Insurance Co. v. Newsom, 2 Tenn. App., 70, 18 C. J., 805, note 69; 19 C. J., 1183. Hence complainant is entitled by inheritance to recover a one-half interest in the house and lot. Beaty v. Owens, 6 Tenn. Apps., 154.

It results that the assignments of error to this extent are sustained. It was unnecessary for us to have passed on the last two propositions as the first proposition of estoppel was determinative and conclusive.

It was insisted that where a conveyance of land was made in fulfillment of a previous bona-fide contract entered into prior to the adverse possession it was not within the operation of the champerty law (Hale v. Darter, 10 Humph., 91; 11 C. J., 265, 266); but this principle has no application to foreclosure sales by the

618

trustee under a deed of trust, as the purchaser under such sale has no interest until he buys at the sale, and therefore the conveyance to him is champertous. Whiteside v. Martin, supra; Peck v. Peck, 9 Yerg., 304.

It was insisted that the deed of trust was executed to secure a fictitious debt and was a fraud on his parents. These questions were not raised below and the proof does not warrant such conclusion.

It therefore results that the decree must be reversed and the complainant will recover the house and lot and will have a writ of possession, if necessary, upon demand. The cost of the cause including the cost of the appeal is adjudged against the defendant.

Faw, P. J., and DeWitt, J., concur.