## G. W. LINNVILLE *et al. v.* JOSHUA DARBY *et al.*

1. COUNTY COURT. *Jurisdiction statutory.* The jurisdiction of the County Court to decree the sale of land is statutory. It is not a court of general jurisdiction, and nothing shall be intended to be within its jurisdiction unless it so appears.
   Cases cited: 2 Head, 257.

2. PETITION. *Of an administrator to sell land to pay debts. What it must state.* The petition of an administrator, seeking to sell land to pay debts, must state the debts due from the estate (or some of them), and the names of the creditors whose debts

G. W. Linnville *et al.* *v.* Joshua Darby *et al.*

the sale is to satisfy, that it may be seen whether the debts are *bona fide*, and without this, the sale will be void.

3. MINOR HEIRS. *Must be served with process.* Where the issuance and service of the process on minor heirs does not appear, by the production of the process, nor any thing in the record, and the decree does not assume the fact, the sale will be held void.
Cases cited: Taylor *v.* Walker, 1 Heisk., 734; Rucker *v.* Moor, 1 Heisk , 726.

4. GUARDIAN. *Ad litem.* *When appointed.* The appointment of a guardian, *ad litem,* before service of process on the minor, is a nullity.

Cases cited: Same authorities.

---

FROM WAYNE.

---

Appeal from the Chancery Court. JAMES. W. DOHERTY, Chancellor.

ROBERT P. CYPERT for Linnville *et al.*

MIMS & McDOUGAL and E. D. PATTERSON for Darby *et al.*

McFARLAND, J., delivered the opinion of the Court.

This bill was filed in behalf of the heirs of Melton Whitten, deceased, to have declared void a sale of a tract of land which descended to them, and to recover the land from defendant (Darby), who was the purchaser at the sale. The relief was refused by the Chancellor, and complainants have appealed.

The sale in question was made under a decree of the County Court of Wayne County. The question

is, was the proceeding sufficiently regular to vest the purchaser with title?

The proceeding was commenced by a petition filed by the administrators of Whitten, jointly with one Gray Phillips. It charges that the administrators had exhausted the personal assets, "in payment of debts, leaving large debts outstanding against said estate which had not been paid." No debt is specified, nor is the name of any creditor given. The petition charges that said Whitten had entered into a partnership agreement with Gray Phillips, by a written article, which the petition professes to exhibit, but which is not in this transcript. This is the only cause shown for Phillips joining in the petition.

The petition prays that the lands described, and a mill built thereon, which seems to have been the subject of the partnership between Whitten and Phillips, be sold, and the money applied "according to the contract;" it prays that the minor heirs of Whitten be made defendants, and a guardian *ad litem* appointed. On the same day this petition was filed, a guardian *ad litem* was appointed for the minors, but there appears in the transcript no answer. The transcript of the record from the County Court shows no process in the cause, nor does the decree of sale recite that process was issued or served, although it recites that an answer was made by the guardian *ad litem*. There is the proof of a witness that at one time he saw a paper in the hands of the widow that was a "copy notice to the heirs," but it does not show

what it was a notice of, or that it was served upon the heirs.

The transcript of the record from the County Court, which is certified to be all that appears, and there is nothing to show that any part was lost, shows no report of the Clerk as to the exhaustion of personal assets, or the existence of any debts. Nor does any order appear preceding the decree of sale, referring the cause to the Clerk for an account or report. The petition was filed June 6; on the 4th of July a decree was rendered which shows that it appeared to the satisfaction of the Court, from the report of the Clerk on file, that it is necessary to sell the land to pay the *bona fide* debts against said estate, and, further, that it is manifestly to the interest of the parties for the mill, built on said land by Gray Phillips, to be sold with said land, and a portion of said purchase-money paid to said Gray Phillips, according to the written articles of partnership. Thereupon the sale was ordered, and was afterwards made, when the defendant (Darby) became the purchaser. The sale was confirmed, and an account ordered as to Phillips' interest in the land, and the mutual accounts between him and Whitten. This account does not appear ever to have been taken. In September, 1866, there was a decree vesting Darby with the title.

The proof shows, in general terms, that the notes of Darby for the land were paid mostly to Phillips, some in "other claims on Whitten's estate," none of

which, however, are specified, nor any account given of them, and perhaps some in money.

A majority of this Court recently held that the County Court had jurisdiction to sell land to pay debts, upon the application of the administrator, where the estate is not insolvent, and without regard to the value of the estate. [From this opinion McFarland, J., dissented.] But it is not denied that the jurisdiction is statutory, that the County Court is not a court of general jurisdiction, and no presumption is made in its favor, or rather, nothing shall be intended to be within its jurisdiction unless it so appear. 2 Head, 257.

1. The petition fails to specify any debt, or the name of any creditor. This is required by the statute, to the end that it may be seen whether the debts are *bona fide* or subsisting. In *Whitmore* v. *Johnson's heirs,* 10 Hum., 610, Judge McKinney said, in reference to a similar case in the Circuit Court, whose jurisdiction, like that of the County Court, is statutory: "It must be averred and satisfactorily proven that the personal assets have been exhausted, that specific debts are justly due and owing." Without this the Court had no jurisdiction, and the sale was declared void when collaterally attacked.

2. There was no service of process upon the heirs, who were all minors. When the issuance and service of the process on minors does not appear by the production of the process, nor any thing in the record, and the decree does not assume the facts, the

G. W. Linnville *et al. v.* Joshua Darby *et al.*

sale will be held void. *Taylor* v. *Walker*, 1 Heisk., 734; *Rucker* v. *Moore*, same book. The appointment of a guardian before the service of process was a nullity. Same authority, and others.

3. There was no report showing exhaustion of personal assets and the existence of *bona fide* debts. 1 Swan, 75; 11 Hum., 488. The land has been sold and the proceeds paid out, yet the decree nor the record in the cause, so far as appears to us, establish, or profess to establish, the existence of a single *bona fide* debt—not one. Nor does the record show the name of a single creditor to whom the proceeds of the sale were paid, except Phillips, and he establishes no debt.

4. The County Court clearly had no jurisdiction of the alleged partnership between Whitten and Gray Phillips, but it was upon this the sale was ordered

We think the sale was absolutely void.

The decree will be reversed, and a decree rendered for complainants.

We can not now decide whether Darby, under his cross-bill, will be entitled to any relief against complainant, as to the purchase-money paid by him. This will probably depend upon his showing that this money was applied in discharge of *bona fide* debts due from the estate. As to this the cause will be remanded, with leave to him to have a reference to the Clerk to report the facts upon this matter.

The costs of this Court will be paid by Darby.