MRS. JOSIE CLEMMONS, et al. v. HYBERNA HAYNES, et al.

Middle Section. June 7, 1926.

No petition for Certiorari was filed.

1. Courts. Jurisdiction. Court of appeals has jurisdiction of cause if there are any issues of fact to be passed upon.

In an action in equity to set aside and vacate certain decrees of the chancery court where there were issues of fact to be passed upon, held that under the statute the Court of Appeals had jurisdiction.

2. **Appeal and error. An appeal in an equity case vacates the decree of the lower court.**

An appeal in an equity case vacates the decree of the lower court and the case is open for examination in the appellate court on all questions legitimately arising upon the record.

3. **Judgments. A bill of review cannot be maintained to review a judgment or decree of appellate court.**

A bill of review cannot be maintained to review a decree or judgment of the Court of Appeals or of the Supreme Court either for error apparent or for new matter, but an independent bill which assumes a judicial proceeding to be absolutely void is not a bill of review and may be maintained.

4. **Judgments. A judgment that is void or voidable because of fraud, accident or mistake, may be enjoined.**

If a judgment or decree is, for any reason, void or voidable as where vitiated by fraud, accident or mistake, or where the court has no jurisdiction of the person or subject-matter, or where the decree is beyond the scope of the pleadings, such a judgment or decree may be enjoined, and a court of equity may grant relief on an independent bill even though the decree be rendered by the Court of Appeals or the Supreme Court of this State or by the courts of another state.

5. **Judgments. Void judgments distinguished from voidable judgments.**

Void judgments and decrees are those that appear on the face of the record itself to have been rendered without jurisdiction of the parties or the subject-matter, or without being justified by the pleadings, or the consent of the parties, and yield to either direct or collateral attack. Whereas, voidable judgments and decrees are those which are valid on the face, and, therefore, proof against collateral attack, but are reversible on direct attack by appeal or writ of error, or by bill in Chancery.

6. **Words and phrases. Judgment coram non judice defined.**

A decree without pleadings, or wholly foreign to the pleadings or not within the scope of the pleadings is coram non judice and void.

7. **Judgments. Judgment will not be set aside by court of equity because it is irregular or erroneous.**

Equity will not set aside or enjoin a judgment recovered at law or a decree in equity, when a party had full opportunity to defend himself in the case, when the court had jurisdiction, simply on the ground that the judgment is irregular or erroneous.

8. **Judgment. A pro confesso does not admit matter of law or legal conclusions.**

A pro confesso is simply an admission of the averments of fact properly alleged in the bill and it is not an admission of legal conclusions. It is not a confessed judgment but is a judgment as if confessed and does not admit matters of law or conclusions of the pleader.

9. **Judgments. Evidence. Evidence held sufficient to show former decree entered was within the pleadings.**

In a suit to have a decree construing a will and holding the complainant liable for certain personal property set aside on the ground that the decree was beyond the pleadings and there was no proof upon which to base the decree, held the evidence was sufficient to show that the decree was within the pleadings and there was sufficient proof on which to base it.

10. **Judgments. A masters' report unexcepted to is confessed as true.**

A master's report is in the nature of a special verdict and exceptions to it are in the nature of a motion for a new trial. Such report on questions of

fact when unexcepted to is confessed to be true and correct, in so far as said report is responsive to the order of reference, and a decree confirming it is conclusive upon all parties, including minors properly represented, after the term is passed.

11. **Practice. Party cannot maintain a bill of review pending an appeal.**
    Where a party has elected to appeal, he cannot maintain a bill of review pending the appeal; and where he assigns errors in the Supreme Court this was a waiver and abandonment of remedy by a bill of review.

Appeal from Chancery Court, Coffee County; Hon. T. L. Stewart, Chancellor.

Affirmed and bill dismissed.

W. W. Draper, of Chattanooga, for appellants, Clemmons, et al.

James J. Finley and Ewell & Ewell of Manchester, for appellees, Haynes, et al.

CROWNOVER, J. At the trial of this cause in this court, the death of Mrs. Josie Clemmons was suggested and admitted in open court, and upon motion the cause was revived in the name of Mrs. Mary E. Lightburn.

The motion to have this cause transferred to the Supreme Court is denied because there are issues of fact to be passed upon, and under the statute this court has jurisdiction.

On the trial of this cause it was insisted by appellants that the cause was tried by the Chancellor on motion to strike the plea of res adjudicata, but that the Chancellor had gone further and had dismissed the bill, and for this reason it was insisted the cause not having been tried on its merits should be remanded to the chancery court for the purpose of a trial on the merits; but on an examination of the record we find that the cause was heard by the Chancellor, "upon the whole record in the cause, including the original bill, the exhibits thereto, the plea and answer of the defendants, the answer supporting the former decree filed herein, together with the exhibits thereto, etc., the argument and briefs of counsel, and the entire record in the cause, whereupon the court is of the opinion and so decrees that said original bill be dismissed, and the complainants taxed with the costs. The motion of complainants to strike defendants' plea is by the court overruled." This shows that the cause was regularly tried upon the whole record and the motion to dismiss the plea was overruled; hence, there is nothing in this contention as the case was tried on its merits.

The bill in this case seeks to set aside and vacate both the decree of the chancery court of Coffee county, and also, the decree of the Court of Civil Appeals affirming said chancery decree in the case of Hyberna Haynes et al. v. Mrs. Josie Clemmons et al, alleged

to be coram non judice and void, for many reasons hereinafter mentioned.

The former bill was filed by Hyberna and Madge Haynes against Mrs. Josie Peay Clemmons and her daughter, Mrs. Mary Lightburn, seeking a construction of the will of W. K. Peay, deceased, the former husband of Mrs. Clemmons, and it was alleged in said bill that by the terms of said will certain notes, money, horses, hogs, cattle and other personalty worth about $4,200 were bequeathed to his widow, Mrs. Josie Peay (who afterwards married Clemmons), for life, and at her death to the complainants, Hyberna and Madge Haynes, in remainder; that Mrs. Josie Peay Clemmons afterwards purchased the remainder interest in the Todd farm of forty acres for $900, and paid for same out of said personalty not consumable in its use, in which personalty the complainants, Haynes, owned the remainder interest under said will, and that she had then conveyed said farm to her daughter, Mrs. Mary Lightburn, for the recited consideration of love and affection; that most of said personalty was not consumable in its use, and that Mrs. Clemmons was disposing of said personalty so as to defraud and defeat said remaindermen; that said former bill sought a construction of said will, and to have the deed from Mrs. Clemmons to Mrs. Lightburn, in which the Todd farm was conveyed, set aside because voluntary, without consideration and fraudulent as to the complainants; and that complainants, Haynes, be given a lien on said land for $900, and ask that Mrs. Clemmons be required to report and show what personalty, not consumable in its use, came into her hands and its value; and that she be enjoined from disposing of it so as to defeat the remaindermen, and that she be required to give a bond for the forthcoming of said personalty at the termination of her life interest therein.

No defense was made to said former bill, and pro confessos were taken against Mrs. Clemmons and Mrs. Lightburn, and a decree was entered thereafter, at the same term, construing said will and decreeing that Mrs. Clemmons took only a life interest in said personalty and that the Haynes claimants took the remainder interest in the personalty not consumable in its use.

The Chancellor further held that there were two kinds of personalty mentioned in the will, that Mrs. Clemmons took a life interest in the notes, cash and other personalty not consumable in its use, and was entitled to only the interest, income and use of this property during her life, that she took absolute title to the property necessarily consumable in its use, but only a life interest in certain other property which was not strictly consumable in the use, although it partook of that nature, since it was subject to deterioration by death of the animals and the wearing out of the property,

and was, therefore, chargeable with all of such property as may be on hand at her death, and what was left would vest in the remaindermen, the Haynes claimants.

The Chancellor further held that Mrs. Clemmons was a quasi-trustee for the Haynes claimants, and had no right to sell or dispose of such property not strictly consumable in its use; that the conveyance of the Todd tract by Mrs. Clemmons to her daughter, Mrs. Lightburn, was voluntary and without consideration, and was a fraud on complainants, Haynes, and as such was set aside and a lien declared on same in favor of the complainants, as it had been paid out of the said personalty. The cause was referred to the Master to take proof and report, at the next term, what property had gone into the hands of said Mrs. Clemmons, as executrix, besides the amount left in her hands after making final settlement as executrix in the way of live stock and other personal property other than cash, notes, etc., and also to report what personalty had been sold by Mrs. Clemmons since the death of W. K. Peay and its value.

The Master took only one deposition and reported that the amount of $2,987.78 went into the hands of Mrs. Josie Peay Clemmons as executrix of said estate and that certain live stock, household and kitchen furniture, corn, bed clothes, buggy and harness went into her hands as executrix other than cash, notes, etc.; and further reported that no proof had been submitted as to what personalty had been sold.

The said report, being unexcepted to, was confirmed by the court, and the court decreed that Mrs. Clemmons be made to account for the sum of $2,980, the value of the personalty coming into her hands at the close of the administration, and that she was justly indebted to the complainants in said amount, and that she held the said sum as trustee for complainants, and they were given a lien on the Todd tract of land for this amount.

The defendants, Mrs. Clemmons and Mrs. Lightburn, excepted to said decree and appealed, and assigned only two errors, both of which went to only one proposition—that Mrs. Clemmons took the absolute title to all of said personalty under a proper construction of said will. No other errors were assigned in the Court of Civil Appeals.

The Court of Civil Appeals affirmed the decree of the Chancellor, and held that Mrs. Clemmons took only a life interest in said personalty.

A petition for writ of certiorari was filed in the Supreme Court, and was by that court denied. Later, within the time required by law, a petition for a re-hearing was filed in the Supreme Court, in which petition for a re-hearing practically all of the questions

raised by this bill in the instant case were raised and pressed, but that court also denied said petition.

The present bill attacks the decrees of the Chancellor and the Court of Civil Appeals, as being coram non judice and void, because the former decree was granted without sufficient allegations in the bill, based upon pro confessos without proof, and that the relief granted was beyond the scope of the pleadings and was coram non judice and void;

Because the court in the former case attempted to construe the will of W. K. Peay without having a copy of said will, and erred in the construction of the will with respect to the personalty;

Because the court erred in decreeing in the former case that Mrs. Clemmons was liable to the Haynes claimants in the sum of $2,980 for the value of the personalty not consumable in its use, and that they had a lien on the tract of land for this amount, because the decree in this respect was based upon a report of the Master without proof, and because beyond the scope of the pleadings as the bill prayed a lien for only $900;

That in the former decree, the court erred in decreeing that the widow, Mrs. Clemmons, had purchased the remainder interest in the Todd tract of land with the personal assets of W. K. Peay's estate in which the Haynes claimants had a remainder interest, and in decreeing that the conveyance from Mrs. Clemmons to her co-defendant, Mrs. Lightburn, was voluntary, without consideration, fraudulent and void as against the remaindermen, Haynes, as the decree was based on no testimony, and the allegations of the bill were insufficient;

That the court had no jurisdiction to set aside said conveyance because the land was not sufficiently described in the bill to identify it as required by the statute of frauds, and there being no proof in the record to aid the description.

The defendants, Hyberna and Madge Haynes, filed a plea of res adjudicata supported by an answer going into a detailed history of the procedure in the former case.

By agreement the whole record of the former case, including the pleadings, proof, decrees, opinion of the Court of Civil Appeals, the petitions for certiorari and re-hearing in the Supreme Court and the decree of the Supreme Court thereon, were filed and used as evidence in this case, but no other evidence was submitted.

At the hearing the Chancellor dismissed the bill and the complainants have appealed and have assigned twenty-two errors.

The former case was an equity case and was tried de novo in the appellate court. An appeal in an equity case vacates the decree of the lower court and the case is open for re-examination in the appellate court on all questions legitimately arising upon the

record. See Hearst v. Proffit, 115 Tenn., 560. Hence, we are confined to a review of the decree of the Court of Civil Appeals as it appears from the record in that court.

As before stated, the complainants in this cause, being defendants in the former cause, filed a petition for a re-hearing in the Supreme Court and practically raised all of the questions in the petition and brief that are now raised by the present bill in this case, and the Supreme Court denied a rehearing. If we understand the action of the Supreme Court in its practice on matters of petition for certiorari, we think that the appellants (complainants) are barred by the action of the Supreme Court. As we understand it, if there are fatal defects on the face of the petition for certiorari or in a petition for rehearing in the Supreme Court, or if the petition is not filed within the required time, then that court simply dismisses the petition, but if that court passes upon the merits of the petition and they are found insufficient, it simply states that the petition is denied. This being true, and the Supreme Court having denied both petitions, then as we understand it, the Supreme Court has passed upon the merits of the petition, and all the questions having been raised in the petition to rehear and having been passed upon by the Supreme Court adversely to the appellants, then we are bound by that court's decision, and the Chancellor's decree dismissing the bill in the present case was proper.

The appellants insist that the Supreme Court did not entertain the questions raised by their petitions for certiorari and for a rehearing because a pro confesso had been taken against them in the lower court, and that they can now raise these questions in an independent bill. After an examination of the authorities, we are constrained to hold otherwise. Now, if the decree of the Court of Civil Appeals had been void or even voidable, or if that decree had been obtained by fraud, accident, or mistake, then the bill to vacate the decree could have been maintained. A bill of review cannot be maintained to review a decree or judgment of this court or the Supreme Court, either for error apparent, or for new matter. (See Hurt v. Long, 90 Tenn., 444; Wallen v. Huff, 1 Shan. Cas., 4; Murphy v. Johnson, 107 Tenn., 552). But an independent bill, such as the one filed in this case, which assumes a judicial proceeding to be absolutely void is not a bill of review and may be maintained. (See Arnold v. Moyers, 1 Lea. 308; Goodman v. Mining Co., 1 Head, 173).

If a judgment or decree is, for any reason, void or voidable, as where vitiated by fraud, accident or mistake, or where the court had no jurisdiction of the person or subject-matter, or where the decree is beyond the scope of the pleadings, such a judgment or decree may be enjoined, and a court of equity may grant relief on an independent bill even though the decree be rendered by the Court

of Civil Appeals or the Supreme Court of this State or by the courts of another State. (See, Gibson's Suits in Chancery (2 Ed.), sec. 814; Caruthers v. Hartsfield, 3 Yerg., 366; McNairy v. Eastland, 10 Yerg., 310; Kinzer v. Helm, 7 Heisk., 672; Smith v. Van Bebber, 1 Swan., 110; Murphy v. Johnson, 23 Pick., 552.)

Void judgments and decrees are those that appear on the face of the record itself to have been rendered without jurisdiction of the parties or the subject-matter or without being justified by the pleadings, or the consent of the parties, and yield to either direct or collateral attack (See Gibson's Suits in Chancery (2 Ed.), sec. 446, Sub. 3); whereas, voidable judgments and decrees are those which are valid on the face, and, therefore, proof against collateral attack, but are reversible on direct attack by appeal or writ of error, or by bill in Chancery. (See, Gibson's Suits in Chancery (2 Ed.), sec. 446, Sub. 2).

"There is a wide difference between a void judgment and a voidable judgment. A void judgment binds nobody; it bars nobody, it is a nullity and no judgment at all; and justifies no act done under it. Holmes v. Eason, 8 Lea, 760; Finley v. Gaut, 8 Bax., 151. A voidable judgment, however, binds everybody and justifies every act done under it, until reversed or set aside. A voidable judgment may be reversed by the Supreme Court, on appeal or on writ of error but cannot be revised, corrected, or set aside by the Chancery Court, except for fraud, accident, or mistake, in obtaining it, and then only on a bill filed for that purpose. A voidable judgment, though full of errors, is as valid as a judgment perfectly regular, whenever offered in evidence in either the Chancery or Circuit Court. Greenlaw v. Kernahan, 4 Sneed, 371." (See Gibson's Suits in Chancery (2 Ed.), sec. 814, Note 43; 34 C. J., 509-510.)

A decree without pleadings, or wholly foreign to the pleadings or not within the scope of the pleadings is coram non judice and void. (See Thompson v. Keck Mfg. Co., 107 Tenn., 451; Gibson's Suits in Chancery (2 Ed.), sec. 565, Note 14; Leiberman, Loveman & Cohn et al. v. E. C. Knight, Pickett County Equity, Opinion by the Supreme Court at Nashville, 1926; 283 S. W., 450).

The bill in this case attacks the former decree because it is not within the scope of the pleadings, and because there was no evidence upon which to predicate the decree.

As above shown, if the decree is not within the scope of the pleadings or foreign to the pleadings then it is coram non judice and void and may be impeached by a bill in equity. But, equity will refuse relief on account of irregularities in the procedure of the former trial or on account of insufficiency of evidence, where the decree is not attacked for fraud, accident, or mistake in pro-

curing it. (See 15 R. C. L., 739; 34 C. J., 425-3; Hembree v. White, 2 Overt., 202; 16 Am. & Eng. Ency. of Law (2 Ed.), 389; 1 Black on Judgments, sec. 367; 2 Freeman on Judgments (4 Ed.), sec. 437). In other words, equity will not set aside or enjoin a judgment recovered at law or a decree in equity, when a party had full opportunity to defend himself in the case, where the court had jurisdiction, simply on the ground that the judgment is irregular or erroneous. (See 34 C. J., 450-1; Whiteside v. Latham, 2 Cold., 91).

The appellants have assigned many errors and have ably reviewed the questions at length, but as we view it, there are only a few determinative questions in the case. While the present bill attacks the former decree on the ground that there was no evidence upon which to predicate the decree, yet the attack is not based upon fraud, accident or mistake in obtaining that decree, and as we view it, this ground of attack cannot be maintained for this reason.

The appellants insist that the Chancellor erred in dismissing the bill because the former decree was granted without sufficient allegations of the bill, based upon a pro confesso, without proof, and that the relief granted was beyond the scope of the pleadings, and for these reasons, coram non judice and void. After a careful examination of the record we think this position cannot be maintained for the reasons hereinafter mentioned.

It is insisted that the court in the former case attempted to construe the will of W. K. Peay from the meager allegations of the bill without a copy of the will, as the decree was entered on May 26, 1921, and the will was not filed until the next day, May 27th, and erred in the construction of said will with respect to the personalty.

The question made as to the filing of the will is highly technical. The Chancellor evidently had the will before him when he attempted to construe it and it is evident that the clerk made a mistake in the date of the filing. The parties treated the will as if filed and no question was made in the Court of Civil Appeals, about the filing of the will below, but the parties referred to the will in the assignments of error and brief and treated the will as if properly filed; hence, we think there is nothing in the contention about the filing of the will.

We think that the Court of Civil Appeals properly construed said will with respect to the personalty for the reasons set out in the able opinion prepared by Judge Clark; hence, we will not take up any time in the further discussion of this proposition. See, Memorandum Opinion of the Supreme Court by Judge McKinney in the case of Chas. R. Givan et al. v. Julia Wilson, Dekalb County Equity, filed May 22, 1926, at Nashville.

It is insisted that the court erred in decreeing, in the former case, that Mrs. Clemmons was liable to the Haynes claimants in the sum of $2,980 for the value of the personalty not consumable in its use, and that they had a lien on the tract of land for this amount because the decree in this respect was based upon a report of the Master without proof, and because beyond the scope of the pleadings as the bill prayed for a lien for only $900.

It is insisted that this part of the decree is beyond the scope of the pleadings as the bill does not set out the amount of the personalty not consumable in its use, but is vague and indefinite, and that a pro confesso cannot aid such a bill. It is further insisted that the Chancellor referred the cause to the Master to ascertain the personalty and its value that was not consumable in its use, and that the Master reported $2,987.78 upon absolutely no proof, and that this report was confirmed by the Chancellor, whereas there was no proof on this question to sustain the report and the decree confirming the same.

A pro confesso is simply an admission of the averments of fact properly alleged in the bill and it is not an admission of legal conclusions. It is not a confessed judgment but is a judgment as if confessed and does not admit matters of law or conclusions of the pleader.

"If, however, the bill does not aver sufficient facts, taking them as true, to support a final decree, as when (1) an accounting is sought, or is necessary to ascertain the amount due from the defendant, or where (2) the allegations of the bill are indefinite, or inconclusive, or alternative, in all such cases, the complainant cannot, even after judgment pro · confesso, have a final decree, unless he establish his demand by satisfactory evidence. If, therefore, a final decree be based on a confessed bill which does not aver enough facts to support such decree, it will be reversible on a bill of review for errors apparent, or on appeal, or on a writ of error." See Gibson's Suits in Chancery (2 Ed.), sec. 209; 1 Dan. Chy. Pract., 525, Note.

It is pointed out that the Master reported that the property not consumable in its use was worth $2,987.78, and that there is absolutely no proof upon which to base this part of the report as the clerk and master cited only one deposition taken where the witness agreed to file copies of the inventory and settlement of the executrix filed in the county court but the exhibits were never filed, and that there was no other proof in his deposition that gave an intimation as to the amount and value of such personalty. This objection might have been well taken had it been made before the Chancellor in the former case, but no exceptions were filed to the

report and it was confirmed by the Chancellor. As pointed out by counsel for the appellees, the solicitor for the appellants was present when the deposition was taken and cross-examined the witness. The books in the county court showing these settlements were referred to by book and page. No attempt was made by the solicitor to cross-examine the witness about these settlements, and after the report was made, he filed no exceptions. The report of the Master was confirmed, these parties appealed and did not attack said report in the Court of Civil Appeals, but referred to it and treated it as properly made without exceptions, and saw proper to rely on other errors in attacking that decree in the Court of Civil Appeals.

A Master's report is in the nature of a special verdict and exceptions to it are in the nature of a motion for a new trial. Such report on questions of fact when unexcepted to is confessed to be true and correct, in so far as said report is responsive to the order of reference, and a decree confirming it is conclusive upon all parties, including minors properly represented, after the term is passed. (See Gibson's Suits in Chancery (2 Ed.), sec. 619-620; Allen v. Shanks, 6 Pick., 377). Hence, the report of the Master as to the value of the personalty not consumable in its use, being a question of fact, is conclusive.

As above pointed out it is insisted that the bill only asked for a lien on the land to the amount of $900 whereas the decree declared a lien for $2,980, and that this is beyond the scope of the pleadings and therefore, void. It is true the bill prayed for a lien for $900, but the bill also asked that the conveyance from Mrs. Clemmons to Mrs. Lightburn be set aside as a fraudulent conveyance because voluntary and without consideration, and alleged that Mrs. Clemmons was fraudulently disposing of the personal property so as to defeat the remaindermen, and asked that she be made to account for the property not consumable in its use. While it may be true that a remainderman cannot follow the fund into other property purchased by a life tenant with the proceeds of such fund or personalty, yet where the life tenant is disposing of the personalty and the bill is filed to set aside a fraudulent conveyance, and where the Chancellor decrees that the life tenant be made to account for the value of the personalty, not consumable in its use, coming into her hands at the close of the administration, and holding that the remaindermen had a lien for this amount on the land, which was not excepted to by the parties and was not attacked in the Court of Civil Appeals, we think the court was justified in the holding that it should be a lien on this land, that had been fraudulently conveyed, in order to properly safeguard the interest of the remaindermen. The Court of Civil Appeals held that the lien for $2,980 was proper but if Mrs. Clemmons desired she could execute a bond for the

forthcoming of the property at her death. The record does not show that she executed such a bond, and evidently she did not, as she has filed this bill, on the pauper's oath. She has since died and no bond having been executed, we think that the court was correct in declaring the $2,980 to be a lien on the land so as to protect the remaindermen.

Under these assignments it is insisted that the court erred in decreeing and fixing the value of the personalty not consumable in its use coming into Mrs. Clemmon's hands at the close of the administration, and that the court should have held that she is liable for only the value of the property at the death of Mrs. Clemmons, as she was entitled to it as long as she lived and that the property was subject to deterioration and destruction by time and use and that if the property is in existence at her death then the remaindermen are entitled to it in specie. Ordinarily this is true, but the Chancellor did not render a decree that the complainants recover of ·Mrs. Clemmons $2,980, but his decree simply states that Mrs. Clemmons be made to account for the sum of $2,980, the value of the personalty not consumable in its use coming into her hands at the close of the administration, and that she was justly indebted to complainants in said amount, which she must hold as trustee for complainants and the same was decreed a lien on the tract of land fraudulently conveyed.

It is insisted that the court in the former decree erred in holding that the widow, Mrs. Clemmons, had purchased the remainder interest in the Todd tract of land with the personal assets of W. K. Peay's estate in which the Haynes claimants had a remainder interest and in decreeing that the conveyance of Mrs. Clemmons to her daughter, Mrs. Lightburn, was fraudulent and void because voluntary and without consideration, as the decree was based on no testimony and the allegations of the bill were insufficient.

After an examination of the bill and the decree we are satisfied that the allegations of the bill are sufficient, and that the decree setting aside the conveyance as fraudulent was proper. These facts were alleged in the bill and neither of the defendants saw proper to file an answer denying the allegations but permitted pro confessos to be taken against them, and on appeal they did not see proper to raise any of these questions; hence, we think that they are bound by the decree in this respect.

It is further insisted that the court had no jurisdiction to set aside this conveyance because the land was not sufficiently described in the bill to identify it as required by the statute of frauds.

The bill alleges that Mrs. Clemmons on September 26, 1911, purchased the remainder interest of George Todd in the tract of land devised to herself for life with the remainder to said George Todd

and that said lands are the same as mentioned in the will as "my land lying north and west of McBride's Branch, the lands that I now live on," and being situated in the Second district of Coffee county, Tennessee, containing 40 acres. We think that this description is sufficient to identify the land as it was alleged that the tract contained 40 acres and "it being the residence of said W. K. Peay at the time of his death." See Swiney v. Swiney, 14 Lea, 316.

It results that all the assignments of error must be overruled.

Where a party has elected to appeal, he cannot maintain a bill of review pending the appeal; and where the party assigns errors in the Supreme Court this was a waiver and abandonment of remedy by a bill of review. (See Fuller v. Jackson, 62 S. W., 274, 34 C. J., 436; Mass. Bonding Co. v. McLemore, 4 Hig., 633). Except in cases involving fraud or some other special basis for equitable relief, a court of equity may decline to interfere in regard to a judgment where the complaining party had a right of appeal or certiorari to have the judgment reviewed by an appellate court. (See 15 R. C. L., 749, sec. 202). In this case the former decree is not attacked on the ground of fraud, accident, or mistake in obtaining it, and we do not think that the decree is beyond the scope of the pleadings. A court of equity will refuse to give relief on account of insufficiency of evidence. Practically all these questions were passed upon by the Supreme Court in the former case.

The decree of the Chancellor dismissing the bill is affirmed, the cost of the cause, including the cost of the appeal, is adjudged against the appellants, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.