## FOURTH & FIRST NATIONAL BANK v. MRS. MARY McBROOM HARRIS, et al.

Middle Section.    December 21, 1928.

Sterling S. Brown, of Woodbury, for appellant, Mrs. Harris.

Louis Leftwich, of Nashville and J. Barrett Melton, of Woodbury, for appellee, Bank.

CROWNOVER, J. The original bill in this cause was filed on May 8, 1925, by complainant bank to collect one note of $1833.33 and interest, and to enforce a vendor's lien on a house and lot in Woodbury, Tennessee, for which said note was executed on October 18, 1920, by Mrs. Harris to Joshua Barton to, mature within twenty-four months. Barton discounted said note to the First State Bank of Woodbury, which bank borrowed $75,000 from the complainant Fourth & First National Bank of Nashville, and hypothecated said note, before its maturity, together with many other notes as collateral; and alleged that complainant bank was a holder in due course of trade, for value without notice.

The defendant Mrs. Harris answered and denied that the complainant bank owned said note, and pleaded payment in full before maturity to First State Bank, which bank was alleged to have been the agent of complainant bank in the transaction, and she filed the answer as a cross-bill and prayed that said note be delivered up and cancelled.

The cause was tried by the Chancellor, on January 6, 1926, upon depositions and documentary evidence, from which the Chancellor decreed that complainant bank recover $2407.96, the amount of said note and interest, which was declared a lien on the house and lot, and that same be sold in bar of the equity of redemption in satisfaction thereof, from all of which decree defendant Mrs. Harris was granted and perfected her appeal to this court.

Thereafter, on July 7, 1926, Mrs. Harris filed a bill for review and discovery, alleging that since the decree and appeal she had discovered that Jack Preston as agent for the First State Bank of Woodbury had, on about June 1, 1923, delivered a package of notes to complainant bank as collateral, in excess of all past due paper, with the agreement and for the purpose of exchanging and taking up the past due notes held by complainant bank, and said bank kept the new notes with a promise of returning later the past due paper, which was never done, and she asked for discovery: (1) What notes and their amounts that were delivered by Jack Preston for First State Bank of Woodbury to Fourth & First National Bank on June 1, 1923. (2) The amount of past due notes held by said bank at that time. (3) How much of the past due paper held at that time has since been collected by said bank; and prayed that the

bill be filed as a bill of review, that the decree rendered on June 6, 1926, be reviewed, reversed and set aside; and that all proceedings under the bank's original bill, including the appeal from said decree, be enjoined.

The Chancellor made an order permitting the bill to be filed as a bill of review, and granted a fiat for the injunction as prayed.

The Fourth & First National Bank demurred to said bill of review, which demurrer was overruled, and it answered in which it denied that First State Bank of Woodbury was its agent in the collection of any of the collateral notes held by said bank, or that it knew that said bank had collected this or any other collateral note; and denied that it had agreed to return this or any past due notes for the new notes delivered by Jack Preston; that petitioner was negligent in presenting her proof and that the petition or bill of review showed want of diligence; that said First State Bank still owes it $10,723.80, and that after it exhausts all collateral said bank will still owe it more than $5000, that will never be collected.

A volume of proof was taken on this bill of review, which was at the hearing read to the Chancellor, who decreed that the allegations of the bill of review was not sustained by the proof, and it was dismissed and all relief denied, from which Mrs. Harris has appealed, and has assigned errors on both appeals.

The facts necessary to be stated are that Joshua Barton on October 18, 1920, sold a house and lot in Woodbury to Mrs. Harris for $5500, for a part of which consideration she executed to him a negotiable note of $1833.33, due in twenty-four months, to secure which an express vendor's lien was retained on said house and lot. Barton discounted and transferred said note to the First State Bank of Woodbury, and said bank had borrowed about $75,000 from the Fourth & First National Bank of Nashville and hypothecated this note before its maturity and many other notes as collateral security, but said First State Bank had retained copies of said notes. Just before said note of $1833.33 matured Mrs. Harris paid the amount to First State Bank, and the copy of said note was marked paid and delivered to her, but she did not notice the difference and thought that the original note was marked paid until this suit was brought.

On or about June 1, 1923, the said First State Bank sent by Jack Preston a package of new notes, totaling $29,477.01, to Fourth & First National Bank for the purpose of taking up the past due notes held by said bank as collateral. At the time said bank held $42,461.22, collateral notes that had matured and were past due. Upon delivery of said new notes to the Fourth & First National Bank, Drew Rowen, an official of said bank who attended to the matter accepted said new notes and promised to return the equivalent in amount of the old notes that had matured as soon as he had time

to assort them out, but this was never done, and said bank has since collected $16,033.62 of said past due notes. There was no specific demand for this Mrs. Harris note or any agreement to retúrn it, and there is no pretense that the amount collected by the First State Bank from Mrs. Harris was paid by that bank to Fourth & First National Bank.

The First State Bank closed its doors, as an insolvent institution, and was placed into the hands of a receiver on August 9, 1923, and all the collateral assets were insufficient to pay the balance due the Fourth & First National Bank. The Fourth & First National Bank was a holder of said $1833.33 note in due course of trade, for a valuable consideration, without notice of equities or defenses.

Mrs. Harris, insisted that the Chancellor should have dismissed the original bill, and that the Chancellor erred:

    (1) In holding that the Fourth & First National Bank was not bound by the acts of W. D. Preston and the First State Bank in receiving payment of this note, as they were the agents of said Fourth & First National Bank.

    (2) In not holding that according to the custom and usage that had prevailed between said banks, the Fourth & First National Bank was estopped to deny that said First State Bank had authority to accept payment or renewal of collateral notes held by it.

    (3) In not holding that under the custom and usage between said banks with respect to these notes the First State Bank had the right to withdraw any note held by said bank by delivering new notes of same amount, and in this manner it had authorized or allowed the First State Bank to collect any of the notes held by it as collateral.

We are of the opinion that there is nothing in any of these assignments of error. The holder of collateral, taken before maturity as security to notes discounted and cashed, will be protected as a bonafide holder. See Shannon's New Code, 3516a60, sub. 3, notes 3 and 4; Bank v. Stockell, 8 Pick., 252, 21 S. W., 523; Bank v. Penland, 17 Pick., 448, 47 S. W., 693; Dies v. Bank, 129 Tenn., 89, 165 S. W., 248.

Negotiable paper taken as additional or collateral security for a pre-existing debt or in payment thereof, was not formerly taken in due course of trade, but this rule has been changed by the Negotiable Instruments Statute, Shannon's New Code, 3516a33 and 3516a60, sub. 3, and cases cited.

There is no proof that Preston and the First State Bank were the agents of the Fourth & First National Bank, but on the contrary, the proof is that they were not its agents. The burden is upon the debtor to show that the one to whom payment was made had special

authority to receive payment. Cline v. Plyly, 3 Tenn. Apps., 292; Griswold v. Davis, 125 Tenn., 223, 141 S. W., 205.

The second and third assignments above set out are not well made because there was no usage or custom on the subject that would estop the bank to deny authority to accept payment or renewal, or that would authorize the First State Bank to withdraw or to demand withdrawal of any collateral note, except upon payment.

The proof is that the First State Bank had borrowed money from and rediscounted notes at the Fourth & First National Bank for several years, and that when several notes matured, it would take a package of new notes and exchange them for the past due notes, but there was no agreement to do this in the future, and the First State Bank was not authorized to renew notes or to accept payment, and it was in no sense the agent of Fourth & First National Bank.

It would be absurd to say that a custom or usage should prevent a bank from passing on the solvency and the sufficiency of collaterals offered as substitutes for past due notes.

One paying a note before maturity must see that the payments are credited on the note by the holder. Cline v. Plyly, supra; Gosling v. Griffin, 1 Pick., 737, 3 S. W., 642. The case of Cline v. Plyly is very much in point, and is conclusive of the issues in this case. Hence all the assignments of error on the original case must be overruled.

We are of the opinion that Mrs. Harris cannot maintain her bill of review. Where a party has elected to appeal, he cannot maintain a bill of review pending the appeal, and where the party assigns errors in the appellate court this was a waiver and abandonment of the remedy by a bill of review. See Fuller v. Jackson, 62 S. W., 274; Clemmons v. Haynes, 3 Tenn. App., 20. The case of Fuller v. Jackson is very much in point. In equity cases an appeal when perfected vacates the decree, and the lower court loses all further control of the case. Hearst v. Proffit, 115 Tenn., 560, 91 S. W., 207.

A bill of review cannot be maintained to review a decree or judgment of this court or the Supreme Court, either for error apparent, or for new matter. Hurt v. Long, 90 Tenn., 444, 16 S. W., 968; Wallen v. Huff, 1 Shan. Cas., 4; Murphy v. Johnson, 107 Tenn., 552, 64 S. W., 894. But an independent bill may be maintained under certain circumstances. Clemmons v. Haynes, 3 Tenn. App., 26.

We do not think that Mrs. Harris exercised reasonable diligence to get up the new evidence. The witnesses knew the same facts at the time they gave their depositions in the original cause as they did when they gave their depositions under the bill of review. See Fuller v. Jackson, supra.

However, we think the evidence adduced under the bill of review would not change the result. The proof is that Jack Preston de-

livered only $29,477.01 of new notes as collateral, whereas the bank held as collateral $42,461.22 of past due notes. Under Mrs. Harris' contention, that they were to be exchanged for equivalent amounts, there remained more than $12,000 past due notes in its hands; and there was no agreement that this Harris note should be returned. The First State Bank and its officials were not agents of the Fourth & First National Bank and they collected the amount of this note from Mrs. Harris without authority and without its knowledge or consent, hence we think there is nothing in the assignments of errors on the bill of review, and all of them should be overruled.

The decree of the Chancellor is affirmed and a decree will be entered in this court for the amount of said note, and interest, which is declared a lien on the said house and lot. If not paid within sixty days from the entry of this decree, the property will be sold according to law in satisfaction of the decree, and the cause will be remanded to the chancery court of Cannon county for a sale of the property on a credit of not less than six months and not more than twenty-four months, in the bar of the equity of redemption as decreed. The cost of the cause including the cost of the appeal is decreed against Mrs. Harris and the sureties on her appeal bonds.

Faw, P. J., and DeWitt, J., concur.