WHITSON et al. v. JOHNSON et al.—123 S. W. (2d) 1104.

Middle Section. August 6, 1937.

Petition for Certiorari Denied by Supreme Court, January 21, 1939.

428

D. B. Johnson, of Gainesboro, for appellant Winnie Johnson.

Haile & Reneau, of Celina, for appellees John H. Whitson et al.

Geo. B. Haile, of Cookeville, for appellee Deposit Bank of Monroe County, Ky.

CROWNOVER, J. The original bill in this cause was filed, on May 26, 1937, by J. H. Whitson and others, a copartnership, operating as the Cookeville Planing Mills, against Mrs. Winnie Johnson, of Clay County, and the Deposit Bank of Monroe County, Ky., for the ejectment of Mrs. Johnson from two tracts of land and the timber on a third tract, in Clay County, purchased by them from the said Deposit Bank, and in the alternative for a decree against said Bank for the purchase price of the lands and timber, $3250, and such incidental damages as they may have suffered by a breach of the warranty of the deed.

The Bank claimed title to this property by reason of the foreclosure of a mortgage and sale by the Chancery Court, at which sale it purchased the property and received a deed from the Clerk & Master, and it afterwards conveyed the same to the complainants.

Mrs. Winnie Johnson filed her answer attempting to attack the validity of the proceedings in the former case under which the lands and timber were sold, and alleging that the deed from the Bank to the complainants was champertous, and that the Chancellor was incompetent to hear this cause because he was related to her.

She also filed her answer as a cross-bill in the nature of a supplemental bill of review of the former suit styled Deposit Bank of Monroe County, Ky., against Winnie Johnson, in the Chancery Court of Clay County, in which suit a final decree of the Supreme Court was pronounced, on April 7, 1937, dismissing her bill of review filed in that case after a final decree in the Chancery Court confirming the sale of the lands herein involved, divesting and vesting title and awarding a writ of possession if necessary.

Her grounds for a bill of review in this suit are that the mortgage

was not properly acknowledged; that the Bank, being a Kentucky corporation, had not complied with the law of Tennessee and was not qualified to conduct a banking business in Tennessee; that her failure to file an answer in the former case had been caused by the misrepresentations of the Bank officials, who had told her that it would not be necessary for her to employ a lawyer and answer; that the minutes of the court rendering a decree for the amount due and ordering a sale of the property were not signed by the Chancellor.

The complainants filed (1) a motion to strike the answer and cross-bill, (2) a demurrer to the cross-bill of review, and (3) a plea of res adjudicata.

The Chancellor sustained the demurrer to the cross bill, but permitted the pleading to stand as an answer, to which she excepted as to action on the cross-bill.

The case was heard by the Chancellor and a jury on oral and documentary evidence. No issues other than the pleadings were tendered at any time. At the conclusion of the evidence the complainants and the defendant Bank "moved the court to withdraw the issues from the jury," there being no controverted questions of fact, and it being uncontroverted that Mrs. Winnie Johnson was in possession of the property in question at the time she executed the deed of trust to the Bank and on up to the present time.

The Chancellor withdrew the issues from the jury, sustained the plea of res adjudicata, held the deed from the Bank to the complainants was not champertous, and decreed that the complainants were the owners of the lands and timber described, and were entitled to the possession of same, and that a reasonable rental value of the premises per year was $65.

Mrs. Winnie Johnson excepted to said decree and appealed to this court, filed a bill of exceptions, but made no motion for a new trial, and has assigned errors, which are, in substance, as follows:

(1) The Chancellor erred in not sustaining the bill of review.

(2) The Chancellor erred in sustaining the cross-defendants plea of res adjudicata.

(3) The Chancellor erred in holding and decreeing that the deed from the Deposit Bank to the Planing Mills was not champertous.

(4) The Chancellor erred in decreeing that the complainants had properly deraigned title.

(5) The Chancellor erred in withdrawing the issues from the jury.

(6) The Chancellor erred in holding that the Bank had a valid decree of foreclosure, as the Chancellor had not signed the minutes.

A number of errors are assigned to the prior case of Deposit Bank v. Winnie Johnson, which will not be considered, as they were raised and passed upon in the former case, as will hereinafter be shown.

Mrs. Winnie Johnson, in July, 1928, borrowed $2000 from the De-

posit Bank of Monroe County, Ky., and executed a note and a mortgage to secure same covering the property involved in this suit.

On default in payment of the note the Bank filed a bill in the Chancery Court, on October 17, 1934, to foreclose the mortgage.

Mrs. Winnie Johnson was made defendant to the bill and served with process. She failed to answer and judgment pro confesso was entered. Decree of sale was made and entered, the lands and timber sold, the Bank being the purchaser, for $2600, the sale confirmed, and a deed to the Bank was executed by the Clerk & Master.

On March 18, 1936, Mrs. Johnson filed a bill of review in that case, to which the Bank demurred. The Chancellor sustained the demurrer and dismissed the bill of review, to which Mrs. Johnson excepted and appealed to the Supreme Court, which court affirmed the decree of the Chancellor.

The Bank afterwards sold the property and executed a deed to the complainants, the Cookeville Planing Mills.

Mrs. Johnson refused to surrender possession of the property to the Cookeville Planing Mills. Thereupon they filed this suit.

The record of the former case, including the decrees, was filed and treated as read in evidence in this case.

At the outset the complainants made a motion in this Court to affirm the decree because no motion for a new trial was made. This motion must be overruled. A motion for a new trial is not necessary to review the action of the Chancellor upon evidence which does not bear on issues submitted to the jury or where the issues have been withdrawn from the jury. Carpenter v. Wright, 158 Tenn., 289, 13 S .W., (2d), 51.

1. The appellant's first assignment of error is that the Chancellor erred in not sustaining her cross-bill filed in this suit as a bill of review of the former suit. The cross-bill filed by Mrs. Johnson could not be maintained as a bill of review of the former proceeding of Deposit Bank of Monroe County, Ky., against Winnie Johnson for several reasons:

(a) A bill of review had been dismissed in the former case. A bill of review will not lie after the affirmance of the original decree on a prior bill of review. 21 C. J. 768, sec. 924.

"Final decrees in equity may be modified or set aside in either one of three modes: (1) By appeal within the time prescribed by law; (2) by bill of review filed within the time allowed by law for an appeal, charging error apparent upon the record; and (3) by original bill charging fraud or newly-discovered evidence. *The petitioners chose to adopt the second method of contesting the decrees in question, and they are concluded by the adverse decision of the Supreme Court.* It is, therefore, entirely clear that the petitioners have exhausted their remedy, so far as it was to be had by any form of proceeding in the original suits, and that if they have any remaining

rights which a court of equity will enforce, they must seek relief by an independent and original proceeding, in which they must assert no right or claim in hostility to, or inconsistent with, the adjudications already had." Huntington v. Little Rock & Ft. S. R. Co., C. C., 16 F. 906, 909.

▆ (b) The decree on the first bill of review is res adjudicata as to this bill, as this bill sets out the same facts contained in the first bill. Clemmons v. Haynes, 3 Tenn. App., 20; Keith v. Alger, 114 Tenn., 1, 28, 85 S. W., 71.

▆ (c) In the former suit a final decree of the Supreme Court was entered. A bill of review cannot be maintained to review a decree of the Supreme Court, either for error apparent or new matter. Hurt v. Long, 90 Tenn., 445, 16 S. W., 968; Murphy v. Johnson, 107 Tenn., 552, 64 S. W. 894; Fourth & First Nat. Bank v. Harris, 9 Tenn. App., 301, 305; Clemmons v. Haynes, 3 Tenn. App., 20.

▆▆ (d) No grounds for a bill of review were alleged. The bill does not allege that there were errors apparent on the face of the final decree, or that new matter or evidence had been discovered since that final decree (Randall v. Payne, 1 Tenn. Ch. 137; Hardwick v. American Can Company, 115 Tenn., 393, 89 S. W., 735, 1 L. R. A. (N. S.), 1029), except the assignment that the Chancellor did not sign the minutes containing the original decree of foreclosure. This question should have been made in that case on appeal, and now comes too late.

"A bill of review lies to impeach a decree for errors of law apparent on the face of the decree, or for new matter, which hath arisen in time after the decree, or for new testimony come to light after the decree was made, *that could not possibly have been used when the decree was* passed. Eaton v. Dickinson, 3 Sneed 397." Arnold v. Moyers, 69 Tenn., 308, 1 Lea, 308.

▆ This is not an original bill to restrain the enforcement of the decree on the ground that it was procured by fraud, accident or mistake; this cross-bill involves a retrial of the issues disposed of in the former case, therefore it could not be maintained. Keith v. Alger, 114 Tenn., 1, 85 S. W., 71; Maddox v. Apperson, 14 Lea, 596; Clemmons v. Haynes, 3 Tenn. App., 20.

▆ If this cross-bill had been treated as a bill to impeach the former decree for fraud, it could not have been maintained, as Mrs. Johnson does not show that she had any defense which she was prevented from presenting in the original suit. Randall v. Payne, 1 Tenn. Ch. 137.

"Requisites of right to relief on the ground of fraud are the same as on any original bill to impeach a decree. Generally fraud and injury must coexist. The decree must have resulted from the fraud. Plaintiff must have a good claim or defense which he has been prevented from presenting in the original suit. Plaintiff's plight must

not be the result of his own negligence, and the facts constituting the fraud must be newly discovered after the decree." 21 C. J. 779, sec. 932.

■ Facts must be shown from which the court can see that the result would have been different had they been presented. Maddox v. Apperson, 14 Lea 596.

2. The cross-defendants, Whitson and others, filed a plea of res adjudicata to the answer, and a demurrer to the bill of review (hereinabove discussed). The Chancellor sustained the plea of res adjudicata except as to the question about the deed, whether champertous or not. The appellant insists that this was error.

The answer relies on the claim of appellant that the former suit should be reviewed and reversed. This was res adjudicata, as discussed in the above section hereof. Clemmons v. Haynes, 3 Tenn. App., 20; Keith v. Alger, 114 Tenn., 1, 28, 85 S. W., 71.

■ 3. The deed executed by the Bank, after taking a deed from the Clerk & Master, and while Mrs. Johnson remained in possession, but without actual disclaimer, was not champertous, for the reason that the debtor's possession after the sale is consistent with the title of the purchaser, under whom he holds as quasi tenant at will, until an actual disclaimer by him. Mitchell v. Lipe, 16 Tenn. (8 Yerg.), 179, 29 Am. Dec. 116; Vance's Heirs v. Johnson, 29 Tenn. (10 Humph.), 214; Wright v. Williams, 75 Tenn. (7 Lea), 700; Knox v. Keith, 9 Tenn. App., 614.

■ The possession of the mortgagor is not to be regarded as adverse to the mortgagee. The possession, in such case, will be presumed to be in subordination to the legal title, until proof of actual disclaimer. Vance's Heirs v. Johnson, 29 Tenn. (10 Humph.), 214; Knox v. Keith, 9 Tenn. App., 614.

■ To make the deed void for champerty there must have been an adverse holding by the mortgagor. Mitchell v. Lipe, 16 Tenn., 179, 8 Yerg. 179.

■ Mrs. Johnson testified in this case that she told Whitson before he bought the property that she was holding possession for herself. This would ordinarily constitute adverse holding, but in this case the Deposit Bank was a nonresident of the State of Tennessee, both at the time the mortgage was executed and foreclosed and when it conveyed the property to Whitson and others, and under the statute such a conveyance under the circumstances is not champertous. The statute provides that "a sale and conveyance by a nonresident of this state, of lands which said nonresident may own, and of which lands no person, at the time of such sale, holds adverse possession by deed, devise, or inheritance" is not champertous. Code, section 7826.

■ A mere naked adverse possession, without color or assurance of title, will not render the deed champertous. McCoy's Lessee

v. Williford, 32 Tenn. (2 Swan), 642; Bleidorn v. Pilot Mountain
C. & M. Co., 89 Tenn., 166, 196, 204, 15 S. W., 737.

In this case the land had been sold under a foreclosure decree of the Chancery Court, purchased by the Bank, and title divested out of Mrs. Johnson and vested in said Bank, and a writ of possession ordered when demanded. This decree had been affirmed by the Supreme Court. Hence, Mrs. Johnson had the naked possession without color of title when the property was conveyed by the Bank to complainants Whitson and others. 11 C. J. 259, secs. 53, 60.

It results that this assignment must be overruled.

4. Mrs. Johnson was in actual possession of this property at the time of the execution of the deed of trust and at the time of the foreclosure and sale, under which the complainants claim, therefore it was only necessary for the complainants to deraign title back to the common source, Mrs. Winnie Johnson. Broyles v. Jones, 65 Tenn. (6 Baxt.), 393; Pratt v. Phillips, 33 Tenn. (1 Sneed), 543, 60 Am. Dec. 162; Hamilton v. Jack & McCallister, 33 Tenn. (1 Sneed), 81.

Hence the Chancellor did not err in holding that the complainants had properly deraigned title.

5. The Chancellor did not err in withdrawing the issues from the jury. There were no material controverted questions of fact. The defendant, Mrs. Johnson, predicates her defense to the complainants' bill entirely on her purported bill of review, with the exception of the claim that the deed executed by the Bank to the complainants was champertous, which has been hereinabove discussed.

Where there are no controverted questions of fact the Chancellor should withdraw the issues from the jury and decide the case himself. Gibson's Suits in Chancery (4 Ed.), sec. 551b; Carpenter v. Wright, 158 Tenn., 289, 13 S. W. (2d), 51; Mutual Life Ins. Co. v. Burton, 167 Tenn., 606, 72 S. W. (2d), 778.

6. The assignment that the foreclosure decree was invalid because it was not signed by the Chancellor, is not well made, as this proposition should have been raised in the former bill of review or on appeal in the former case. It appears that the former Chancellor approved the order pro confesso by writing on it "O. K. Cullom, Chancellor," and rendered a decree for the amount of the note with interest and attorneys' fees and ordered the land sold by the Master. The Master reported that he had sold the land to the Bank, which report was made to the Chancellor's successor, the present Chancellor, who confirmed the report, divested and vested title, at which time the defendant, Mrs. Johnson, filed her bill of review, which was disposed of as hereinabove set out. Mrs. Johnson states that she and her attorney did not know that the Chancellor had not signed that decree at the time she filed the bill of review, but discovered that later. We think that she did not show due diligence and it was the

duty of her solicitor to know these facts and to raise them on appeal or in the former bill of review. Randall v. Payne, 1 Tenn. Ch. 137.

There are several other assignments of errors, such as that the Chancellor erred in holding that Mrs. Johnson owned the title to the timber and had a right to mortgage it, and in not holding that the Bank was a foreign corporation and had not complied with the laws of Tennessee in order to do business within the State of Tennessee. We will not discuss these assignments of errors as they were raised in the bill of review in the former case and were passed upon by our Supreme Court. The decree of that Court on these questions is res adjudicata.

On the trial of the case objection was made that the Chancellor was related to the defendant, but this was abandoned, and not assigned as error.

All the assignments of errors being overruled the decree of the Chancellor is affirmed. A writ of possession will be awarded upon demand. The costs of the cause including the costs of the appeal are decreed against appellant Mrs. Johnson.

Faw, P. J., and Felts, J., concur.