

FILED

December 19, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:45 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **MARK WILLIAMS,** | ) | **Docket No. 2017-06-0883** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 14175-2015** |
| **YATES SERVICES,** | ) | |
| **Employer.** | ) | |
| | ) | **Judge Joshua Davis Baker** |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

The Court convened on December 12, 2017, for an expedited hearing on Mr. Williams entitlement to temporary disability benefits and medical benefits.[1] Yates Services argued the statute of limitations bars Mr. Williams' claim and that he cannot prove compensability. The Court holds that although Mr. Williams timely filed his claim, he did not present sufficient proof to demonstrate his likely success at a hearing on the merits. Therefore, the Court denies his request for temporary disability and medical benefits.

### Claim History

Mr. Williams testified that, while sorting parts for Yates at the Nissan manufacturing plant on February 23, 2015, a forklift "pinned" his feet between two pallets, causing him to fall onto a pallet and injure his left hip. Yates provided a panel the following day from which Mr. Williams selected American Family Care. Three days later, he selected Dr. Christian Vissers from another panel. Dr. Vissers diagnosed him with left-hip pain and released him to return to work on March 4, 2015, without restrictions or an impairment rating.

Although he did not submit medical records, Mr. Williams testified he used his health insurance to obtain treatment for his left hip after Dr. Vissers released him. His

---

[1] The Dispute Certification Notice also identified permanent disability benefits as a contested issue. Entitlement to permanent disability benefits, however, cannot be adjudicated at an expedited hearing.

family physician, Dr. Clarissa Arthur, referred him to Dr. David West. Afterward, he underwent surgery with Dr. Malcolm Baxter followed by physical therapy. He testified he was off work for roughly three months following his surgery, although he could not remember specific dates. Yates never paid temporary disability benefits.

Mr. Williams acknowledged that he had problems with his left hip before February 23. In March 2014, he began receiving medication and injections for pain in his pelvis, left hip and femur. Mr. Williams admitted he discussed his intention to have hip surgery with his doctor in January 2015, ten days before his workplace accident.

On February 23, 2016, Mr. Williams faxed a "Request for Benefit Review Conference" (RBC) to the Bureau of Workers' Compensation. Mr. Williams noted the filing was for "statute of limitations purposes." The RBC indicated Mr. Williams' or his counsel sent a copy to the opposing party but defense counsel denied that Yate's received it.

Upon receipt by the Bureau, a Bureau employee emailed Mr. Williams' attorney to alert him that he needed to file a Petition for Benefit Determination (PBD) because it was a "new law case." She attached a blank PBD to the email. Mr. Williams' counsel did not file a PBD until May 11, 2017.[2]

### Findings of Facts and Conclusions of Law

As in all workers' compensation actions, Mr. Williams has the burden to prove the essential elements of his claim. However, since this is an expedited hearing, Mr. Williams need only present sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To establish causation, Mr. Williams must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." *See* Tenn. Code Ann. § 50-6-102(14)(B) (2017). A "reasonable degree of medical certainty" means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D). Thus, causation must be established by expert medical testimony.

When the employer has voluntarily paid workers' compensation benefits, compensation:

---

[2] While the file stamp indicated filing on May 11, counsel wrote May 12, 2017, as the date he signed the PBD.

shall be forever barred, unless a petition for benefit determination is filed with the bureau on a form prescribed by the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

*See* Tenn. Code Ann. § 50-6-203(b)(2). A PBD is "a request for the Bureau to provide assistance in the resolution of any disputed issues in a workers' compensation claim . . . on a form approved by the Bureau." *See* Tenn. Comp. R. & Regs. 0800-02-21-.02 (17). Furthermore, "[a]ll documents filed with the Bureau, including those allowed or required to be filed electronically, shall be in the form approved by the Bureau." *See id.* at 0800-02-21-.08.

Here, Mr. Williams sent an RBC to the Bureau within one year of March 4, 2015, the date of his last authorized treatment with Dr. Vissers. While he did not use the Bureau's approved form for his date of injury, form should not be elevated over substance. *Bemis Co. v. Hines*, 585 S.W.2d 574, 576 (Tenn. 1977); *Murphy v. Johnson*, 64 S.W. 894 (Tenn. 1901). Tenn. R. Civ. P. 8.05(1) directs that "[n]o technical forms of pleading or motions are required." Additionally, "all pleadings shall be so construed as to do substantial justice." *See* Tenn. R. Civ. P. 8.06. In examining the RBC, Mr. Williams clearly intended to initiate a legal action, and the RBC provided particularity about the alleged work injury. It identified Mr. Williams' employer, the alleged date of his injury, the purpose of the filing; it also provided an account of his injury, among other details. Thus, the Court accepts the RBC a valid filing just as if it were filed on the approved PBD form.

The Court next examines whether Mr. Williams established the RBC was properly served upon Yates. Copies of the PBD "shall be served upon all parties to the dispute or upon their attorneys, if represented." Service must be accomplished "before filing with the Bureau or within a reasonable time thereafter." The "certification of the sender on the document filed with the Bureau" provides proof of service and "such certification shall include the name of the person served, the date, the manner of service and the address where service was made." *See* Tenn. Comp. R. & Regs. 0800-02-21-.09.

Additionally, the Tennessee Rules of Civil Procedure provide the following concerning the effect of failing to serve a complaint:

[I]f process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of the statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process, or if no process is issued, within one year of the filing of the complaint.

3

*See* Tenn. R. Civ. P. 3. When reading these rules together, the Court finds that a plaintiff cannot rely upon the commencement of an action to toll the statute of limitations unless the plaintiff timely serves a copy of the complaint, or in this instance the RBC, on the opposing party.

Here, Mr. Williams' counsel marked a box on the RBC to certify "a completed copy of this Request for Benefit Review Conference has been forwarded to the opposing parties." Yates, however, denied receiving the RBC and asserted it was not aware of legal action until receiving a copy of the PBD filed May 11, 2017, which was more than a year after the RBC filing. The RBC did not indicate the person served, the date or the manner of service, or the address where service was made. Thus, the Court has serious doubts that Mr. Williams served the RBC "within a reasonable time" as required by Tenn. Comp. R. & Regs. 0800-02-21-.09. Despite its doubts, the Court declines to find the statute of limitations barred his claim.

Even though Mr. Williams timely filed his claim, the Court finds he did not present sufficient evidence to demonstrate he is likely to prevail at a hearing on the merits. Mr. Williams did not introduce any medical testimony or records to establish to a reasonable degree of medical certainty that his injury contributed more than fifty percent in causing his need for medical treatment, considering all causes. The authorized treating physician released Mr. Williams to full duty with no restrictions and did not indicate a need for further care. The Court denies his request for temporary disability and medical benefits.

Finally, the Court finds that Yates did not err in its handling of the claim. It accepted the claim and provided medical care in a timely manner. Dr. Vissers treated Mr. Williams and released him. Yates was under no duty to file notice of benefit termination with the Bureau because it never initiated payment of temporary disability benefits.

IT IS ORDERED AS FOLLOWS:

1.  Mr. Williams' claim for temporary disability and medical benefits is denied at this time.

2.  This matter is set for a Scheduling Hearing on Monday, January 29, 2018, at 9:30 a.m. (CST). **You must call 615-741-2113 or toll-free 855-874-0474 to participate in the Hearing. Failure to call may result in a determination of issues without your further participation.**

**ENTERED DECEMBER 19, 2017.**

4

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits
1. Medical Records
2. Affidavit of Mr. Williams' Counsel
3. Request for Benefit Review Conference form
4. Email from Melissa Norris
5. Choice of Physician form – Dr. Christian Vissers
6. Certification of Healthcare Provider for FMLA
7. First Report of Injury
8. Choice of Physician form – American Family Care
9. Wage Statement
10. Affidavit of Bronwen Whisenhunt
11. Order Denying Benefits dated March 28, 2014

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Request for Expedited Hearing
5. Employee's Motion to Continue
6. Employer's Response to Motion to Continue
7. Order on Motion to Continue

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this December  19th , 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Daniel Marshall, Employee's Attorney | | | X | Marshallaw2020@gmail.com |
| John Rucker, Employer's Attorney | | | X | rrucker@ruckerlaw.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov